Sidney A. Fine, J.
Defendant moves for summary judgment dismissing the complaint. Plaintiff cross-moves for summary judgment in its favor.
The complaint is based upon a policy issued by defendant, as amended by a “ Special Endorsement ‘A’” dated October 23, 1967. Plaintiff contends that the special endorsement had the effect of eliminating from the policy the 6 ‘ Locked Truck Warranty ” upon which defendant bases its motion to dismiss. The endorsement accompanying the special endorsement, also dated October 23, 1967, states, however, that it is intended to modify the then existing policy only to the extent of eliminating form No. TIRB-201 (8-61) therefrom and replacing it with the “ Special Endorsement A”. The locked truck warranty was not part of form TIRB-201 and therefore, was not affected by the substitution of special endorsement A. The locked truck warranty was clearly breached by plaintiff by the leaving of the ignition key of the tractor (coupled to the semi-trailer) in the ignition and failing to lock the doors and windows of the tractor cab. The breach of this warranty undoubtedly caused or contributed to the theft upon which this action is based. Plaintiff claims that the warranty applies only to “trucks”, and that the tractor was not a “ truck ” within the meaning of the warranty. The warranty is, however, not limited to the vehicles specified in the schedule of insured vehicles. The language is: “Warranted by the insured * * * that trucks will be properly locked * * * and that truck doors, ignition and/or transmission will be locked and keys removed”. A tractor falls within the definition of a “ truck ” (Webster’s New Collegiate Dictionary definition of tractor; Webster’s New World Dictionary, College Edition, definition of tractor.) The *929 fair meaning of the warranty is that, in the case of insured semi-trailer units, the tractors coupled to them will he locked and their ignition keys removed. The tractor itself and the tractor coupled with the semi-trailer unit involved in the theft both were trucks. There is no plausible justification for defendant’s requiring ordinary trucks to have their cab doors locked and the ignition key removed while making no such requirement for trucks consisting of a semi-trailer unit attached to a tractor. The court holds that the locked truck warranty applied to the tractor coupled to the semi-trailer unit involved in the theft complained of.
No competent evidentiary facts are submitted to support the contention that defendant at the time it issued the policy, was aware that it was plaintiff’s practice to do what it did or that defendant was informed that plaintiff would continue its practice in the future despite the provisions of the warranty. The alleged conversation with an unidentified man who said he was a representative of defendant must be disregarded, since there is no evidence that he was, in fact, a representative of defendant and defenant claims investigation has failed to disclose such an occurrence.
Nor do the plaintiff’s affidavits justify a holding that defendant was guilty of unreasonable delay in disclaiming liability after having full knowledge of the breach of warranty.
As to plaintiff’s claim that defendant’s policy did not conform to the agreement pursuant to which it was issued and should not have contained the locked truck warranty, it need only be observed that this action is based on the policy as issued and not on the policy as it should have read to conform with the alleged agreement. Plaintiff’s remedy is to sue for reformation of the policy, and for recovery on the policy, as reformed, if the court holds that plaintiff is entitled to reformation.
The motion to dismiss is granted, and the cross motion denied, without prejudice, however, to plaintiff’s right to sue for reformation and to recover on the policy, if reformed.